Robinson Cadillac Motor Car Co. v. Ratekin.

ROSE, ALDRICH and DAY, JJ., not sitting.

---

ROBINSON CADILLAC MOTOR CAR COMPANY, APPELLANT, v. DAN B. RATEKIN ET AL., APPELLEES.

FILED MARCH 27, 1920.  No. 21155.

1. **Intoxicating Liquors:** UNLAWFUL TRANSPORTATION: FORFEITURES. Section 2, ch. 109, Laws 1919, construed. and *held,* that the act contemplates the forfeiture of the vehicle of owners and lienors, who have voluntarily parted with possession, that are used in the unlawful transportation of intoxicating liquors.

2. ————: ————: ————. An automobile that is used for the unlawful transportation of intoxicating liquors, after section 2, ch. 109, Laws 1919, became operative, is subject to be forfeited and sold under the penalties therein provided, even though the buyer gave to a seller a valid mortgage lien on such car before the act became operative.

3. **Constitutional Law:** PROHIBITORY ACT: FORFEITURES. A mortgagee of an automobile that is seized and sold under section 2, ch. 109, Laws 1919, on the ground that it was used for the unlawful transportation of intoxicating liquors, cannot complain that he has been deprived of property without due process of law.

104 Neb.—24

4. **Intoxicating Liquors:** FORFEITURES: IMPUTATION OF GUILT. When, under section 2, ch. 109, Laws 1919, a complaint has been filed against an owner of an automobile and his vehicle for unlawfully transporting intoxicating liquor, and both the person and the vehicle so charged are held for trial, the conviction of the owner imputes guilt to the vehicle and subjects it to forfeiture and sale.

5. ———: ———: INCIDENT TO CONVICTION. The forfeiture of an automobile under section 2, ch. 109, Laws 1919, is no part of the sentence imposed by the justice of the peace, but is an incident to the conviction of the owner or person in charge of the car.

6. ———: ———: POLICE POWER. The forfeiture and sale of an automobile under section 2, ch. 109, Laws 1919, when used for the unlawful transportation of intoxicating liquors, is a valid exercise of the police power.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Dort & Cain* and *Graham & Silverman,* for appellant.

*R. C. James, contra.*

DEAN, J.

The Robinson Cadillac Motor Car Company, hereinafter called plaintiff, began this action in equity to recover an automobile that was seized on April 28, 1919, by the sheriff of Richardson county, on the ground that it was being unlawfully used by F. L. Wilson, its owner, for the unlawful transportation of intoxicating liquors. Wilson was arrested on the same day, and, being convicted on April 30, 1919, the sheriff was about to sell the car under section 42 of the prohibitory act, namely, chapter 187, Laws 1917, as amended, section 2, ch. 109, Laws 1919, when this action was begun. The amendment became operative nine days before the seizure, namely, on April 19, 1919. To prevent the sale plaintiff obtained a temporary injunction in the county court. Upon final hearing in the district court under an agreed statement of facts, the injunction was "dissolved and held for naught and fully discharged," and the sale of the automobile, so unlawfully used, was ordered. Plaintiff appealed.

These facts are agreed upon: When the car was seized plaintiff was the owner of a valid and subsisting first mortgage lien thereon that was executed by Wilson December 12, 1918, to secure payment of an unpaid portion of the purchase price approximating $1,100; that the mortgage was recorded in Buchanan county, Missouri, April 25, 1919; that until this action was begun plaintiff neither had nor was it chargeable with knowledge or notice of any of the illegal acts charged against Wilson, nor that the subsequent unlawful use of the car was contemplated by Wilson; that the car was removed from Missouri into Nebraska without plaintiff's knowledge or consent, and was about to be sold under the seizure, pursuant to the judgment of a justice of the peace, in disregard of plaintiff's mortgage; that Wilson was insolvent, and plaintiff was without actual notice of the proceeding and had no opportunity to assert any rights in the premises.

Section 2 of the act (Laws 1919, ch. 109) provides: "Any car, automobile, airplane, vehicle or means of transportation which shall be engaged in, or used for, the unlawful transportation of intoxicating liquors is hereby declared a common nuisance, and there shall be no property rights of any kind whatsoever in any car, automobile, airplane, vehicle or other means of transportation which shall be engaged in, or used for, the unlawful transportation of intoxicating liquors. Any peace officer having probable cause to believe that such vehicle is being used for the unlawful transportation of intoxicating liquors, shall make search thereof with or without a warrant and in every case where a search is made without a warrant the officer shall take the vehicle and the person in charge thereof into custody and a complaint shall forthwith be filed against said party and vehicle and a warrant shall issue and said party and vehicle shall be held for trial as in a criminal action. The vehicle and the liquor so seized shall not be taken from the posses-

sion of any officer seizing and holding the same by writ of replevin or other proceedings. Final judgment of conviction in such criminal action shall be in all cases a bar to any suits for the recovery of any vehicle so taken or the liquor transported thereby, or other personal property actually and directly used in connection therewith, or the value of the same, or for damages alleged to arise by reason of the seizing of such vehicle and the liquor contained therein, and on conviction, judgment shall be entered directing that the vehicle hereinbefore mentioned and enumerated, and other personal property actually and directly used in connection with said violation, shall be ordered sold by the court at public sale on ten days' notice and proceeds paid into the school fund as in case of fines and forfeitures, and the purchaser of such vehicle shall take title thereto free and clear of all rights, title and interest of all persons whosoever including all, rights, title and interest of all persons claiming to be owners thereof and all persons claiming to have liens thereon.''

Plaintiff argues that the act is unconstitutional in that ''appellant's property is taken without compensation and without due process of law,'' and in that ''the law is retroactive as to appellant.'' It is also contended generally that ''there is no necessity for the exercise of the police power, and the regulations prescribed are unreasonable,'' and that the legislature ''did not intend to forfeit rights of innocent mortgagees.''

The 1917 prohibitory act was construed in *State v. Jones-Hansen Cadillac Co.*, 103 Neb. 353. The decision was rendered and the opinion adopted March 27, 1919, while the 1919 legislature was in regular session. We there held that the 1917 act ''must not be construed to forfeit the property of innocent citizens, unless, from the statute in the light of its object and existing conditions, it is manifest that the legislature considered such forfeiture necessary for the 'preservation of the public peace, health and safety.' '' In that case it was pointed

out that the 1917 act did not provide for the forfeiture of the property of innocent citizens. Subsequently, the 1919 legislature, as herein noted, being then in regular session, amended section 42, ch. 187, Laws 1917, so that so far as relevant here respecting the sale of a vehicle, so used unlawfully, the act expressly provides: ''The purchaser of such vehicle shall take title thereto free and clear of all rights, title and interest of all persons whosoever, including all rights, title and interest of all persons claiming to be owners thereof and all persons claiming to have liens thereon.'' The act is severely plain. It is without limitation or exception. There is no room for construction. Once the owner of the conveyance, or person in charge, is convicted, the conveyance so unlawfully used by him shall be forfeited and ordered sold.

Plaintiff argues that, the car having been sold and the mortgage obtained from the purchaser before the amendment was adopted, ''the law is retroactive as to appellant.'' It may be noted, however, that the deferred payments on the mortgaged car in the present case were long delinquent when the car was seized. *Mugler v. Kansas*, 123 U. S. 623, is a case having to do with the forfeiture of property used for the illegal storing of intoxicating liquors. At page 672 it is said: ''The statute is prospective in its operation, that is, it does not put the brand of a common nuisance upon any place, unless, after its passage, that place is kept and maintained for purposes declared by the legislature to be injurious to the community.'' So in the present case. The car was used after the passage of the act for a purpose declared by the act to be unlawful. We hold that, upon seizure of the car and conviction of the owner, the car, in the language of the act, became ''a common nuisance'' in which there was ''no property rights of any kind whatsoever.''

Plaintiff cannot be said to have been deprived of his property without due process of law, even though it was

taken without actual notice as to him and without compensation. Section 42, as amended, provides that a complaint shall be filed against the person in charge of the vehicle and also against the vehicle, and that "said party and vehicle shall be held for trial as in a criminal action." Upon conviction of the owner or person in charge of the car his guilt is imputed to the vehicle, and under the act it is forfeited and ordered sold by the court. It was held, in a similar case that was brought under a like statute, that the seller could not recover an automobile that was forfeited, even though he understood it was to be used for an innocent purpose. *White Auto Co. v. Collins,* 136 Ark. 81. The present case is clearly distinguishable from *McConnell v. McKillip,* 71 Neb. 712, 719. The procedure for condemnation and forfeiture pointed out in the concluding portion of the opinion in that case is substantially the procedure provided by the statute under consideration.

In *United States v. One Saxon Automobile,* 257 Fed. 251, the principle involved is the same as here. In that case a seller took notes from the buyer for the unpaid part of the purchase price of an automobile "secured by a deed of trust covering the property." The buyer loaned the machine to another who was subsequently convicted of using it to transport spirituous liquors unlawfully with intent to defraud the United States of unpaid taxes on the liquor. The buyer was an innocent owner and the seller an innocent lienor, but the car was confiscated and ordered sold, and the rights of both owner and lienor were forfeited; the court holding that congress has power to impose the penalty of forfeiture on property used to defeat the revenue laws, even though the owner was innocent and had no knowledge of the unlawful use. It is, however, there pointed out that if the car is stolen or taken by a trespasser, or if the owner loses possession by forces of nature beyond his control, the innocent owner is protected, because, unlike the owner who voluntarily gives possession to another, he did

not in a legal sense part with his right of possession. We hold to the interpretation of the rule in the *Saxon* car case, as herein stated, as being a reasonable interpretation of the act in question and applicable to the facts before us. In that case the court used this language, which is peculiarly applicable here: "If one thus engaged in illicit transportation could protect his automobile from forfeiture on proof that the legal title was in some one else, or that some one else had a mortgage on it, the difficulty of enforcing the law would be greatly increased, and the penalty of forfeiture almost always evaded."

In *Smith v. State of Maryland,* 18 How. (U. S.) 71, 75, the supreme court construed a Maryland statute which made it unlawful to take oysters in any of the waters of the state with a scoop or drag, or any other instrument than tongs or rakes. The act provided, generally, that the boat or vessel employed for such unlawful purposes, together with her papers, furniture, tackle, and apparel, and all things on board the vessel, should be forfeited to the state. That case involved the seizure, under the act in question, of a sloop called the Volant, while dredging for oysters. The vessel was condemned to be forfeited to the state by a justice of the peace of Maryland, before whom the proceeding was had. On appeal to the state courts, the decree of the forfeiture was affirmed. When it came to the United States supreme court, it was said: "It is the judgment of the court that it is within the legislative power of the state to interrupt the voyage and inflict the forfeiture of a vessel enrolled and licensed under the laws of the United States, for a disobedience, by those on board, of the commands of such a law. To inflict a forfeiture of a vessel on account of the misconduct of those on board—treating the thing as liable to forfeiture, because the instrument of the offense is within established principles of legislation, which have been applied by most civilized governments." *United States v. Brig*

*Malek Adhal,* 2 How. (U. S.) *210, *233, and cases cited. In the *Malek Adhal* case, it is said: "The next question is whether the innocence of the owners can withdraw the ship from the penalty of confiscation under the act of congress. Here, again, it may be remarked that the act makes no exception whatsoever, whether the aggression be with or without the co-operation of the owners. The vessel which commits the aggression is treated as the offender, as the guilty instrument or thing to which the forfeiture attaches, without any reference whatsoever to the character or conduct of the owner. The vessel or boat (says the act of congress) from which such piratical aggression, etc., shall have been first attempted or made shall be condemned." Substantially to the same effect is the holding in *United States v. Two Bay Mules,* 36 Fed. 84.

Plaintiff says: "Section 29 of the Nebraska act (being chapter 187, Laws 1917) provides for the abatement of nuisances defined in the act by a proceeding in equity," and argues that the justice court is without jurisdiction. We think the argument is not sound. There are other sections of the act that must also be considered. Section 28 provides that "buildings, tenements, or places where intoxicating liquors are manufactured, sold, * * * or given away in violation of law," and the "fixtures and other property used in maintaining such place, * * * are hereby declared to be common nuisances." Section 29 provides that "the building or ground upon which said nuisance exists" may be perpetually enjoined. Section 30 provides: "Evidence of the general reputation of the place shall be admissible for the purpose of proving the existence of said nuisance." Section 31 provides the penalty for the violation of sections 28, 29, and 30. Section 32 provides for the "effectual closing of the building" for "a period of one year unless sooner released." It is evident that the offense complained of here could not be maintained under the sections of the act to which reference is had.

Section 42 under which the complaint was filed seems to cover the entire subject so far as it relates to automobiles and other conveyances unlawfully used to transport spirituous liquors.

It has been suggested that a justice of the peace is without jurisdiction of the subject-matter because the Constitution limits his jurisdiction in a criminal case to imprisonment not exceeding three months or a fine not exceeding $100. In Minnesota a justice of the peace in a criminal case is empowered by the Constitution to impose a fine not exceeding $100. In *State v. Hanson,* 114 Minn. 136, it is said: "The fact that the statute (section 1554) provides for the destruction of the liquors and the sale of other property used in the business of keeping an unlicensed drinking place, which in this case were of the value of $600, does not affect the jurisdiction of the justice to hear and determine the complaint for a violation of the statute, for the reason that the forfeiture and disposition of such property follows, as an incident to the conviction, as a proper exercise of the police power of the state."

It is pointed out in *State v. Pope,* 79 S. Car. 87, that forfeiture is no part of the sentence imposed by the magistrate on one convicted of unlawful selling of liquor, but is by operation of law.

The right of the legislature to enact the law in question is derived from that undefinable branch of government known as the police power, which by some writers is said to bear the same relation to the state that the principle of self-defense bears to the individual. *Barrett v. Rickard,* 85 Neb. 769. Whether the necessity exists for such an exercise of the police power as the act provides is a legislative question. The amendment under consideration was enacted for the express purpose of meeting a situation that to the lawmaker appeared to have become intolerable. The facility with which automobiles and other high-power means of locomotion, under the control of a single person, untram-

meled as to selection of time or route, could be used to transport spirituous liquors unlawfully, made the prohibitory act practically impossible of enforcement. Hence the act in question. We conclude that the act provides a valid exercise of the police power, and that it does not contravene the provisions of the fundamental law.

The judgment of the district court is

AFFIRMED.

CORNISH, J., dissenting.

DAY, J., not sitting.