Melcher v. State.

---

ERNEST MELCHER V. STATE OF NEBRASKA.

FILED MARCH 12, 1923. No. 22701.

1. **Criminal Law:** PLEA IN BAR. Plea in bar examined, and *held,* demurrer to same properly sustained for reasons stated in opinion.

2. ———: ADMISSION OF EVIDENCE. Objection to the admission of certain evidence, same examined, and *held,* even if not properly admitted, its admission was not prejudicial error requiring a reversal of the case.

3. ———: MISCONDUCT OF PROSECUTOR. Complaint of certain statements of the county attorney in his address to the jury considered, and while same disapproved, yet when followed by his reason for the statement, which reason was supported by the evidence, *held* of not such an injurious nature as to justify reversal.

4. **Information:** INTOXICATING LIQUORS: ALLEGATION OF POSSESSION: SURPLUSAGE. Possession of the car used by defendant in transporting intoxicating liquor is not one of the elements required under the statute, either to be alleged or proved, and therefore the character of defendant's possession is immaterial, and an allegation of possession in the complaint will be regarded as mere surplusage.

5. **Evidence** as to guilt of defendant examined, and *held* ample to sustain verdict of conviction.

6. **Intoxicating Liquors:** FORFEITURE OF AUTOMOBILE: RIGHTS OF

CLAIMANT. In a criminal prosecution under section 2, ch. 109, Laws 1919 (Comp. St. 1922, sec. 3274), for the unlawful transportation of intoxicating liquor by means of an automobile, wherein, as part of the prosecution, it is sought to condemn and sell said vehicle for the benefit of the school fund, and wherein it appears that one other than the defendant claims ownership and right of possession of said car, while it is not proper to incumber the criminal action against defendant with an investigation and determination of the alleged ownership and right of possession of said car, nevertheless, after conviction of defendant, no summary order of forfeiture and sale of said car should be made until a reasonable opportunity be afforded claimant to establish his rights of ownership and possession of said car, if any he has, within the exemptions under the statute as indicated by the decisions of this court.

ERROR to the district court for Stanton county: WILLIAM V. ALLEN, JUDGE. *Affirmed in part and reversed in part.*

*D. C. Chase* and *George A. Eberly,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *C. L. Dort,* contra.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., RAPER and TROUP, District Judges.

TROUP, District Judge.

This is a criminal action wherein the defendant is charged with the unlawful transportation of intoxicating liquors, by means of an automobile used and operated for that purpose. The defendant, being found guilty, was sentenced to a term in the county jail and the automobile condemned and ordered sold. Defendant brings error.

The first assignment of error is that the trial court erred in sustaining a demurrer to defendant's plea in bar. Before a plea to the general issue was entered by defendant he filed what he denominates a plea in bar, setting forth various reasons why, as he claimed, the law under which he was convicted is invalid. The trial court made no mistake in sustaining the demurrer thereto.

The various matters complained of can be raised only under plea in abatement, and not by plea in bar, which latter can be made upon the following grounds only, to wit: "That he (defendant) has before had judgment of acquittal, or been convicted, or been pardoned for the same offense." Comp. St. 1922, sec. 10118. Filing a plea in bar constitutes a waiver of all matters necessary or proper to be raised by plea in abatement. Comp. St. 1922, sec. 10113; *Bush v. State*, 55 Neb. 195.

The defendant's objection to an instruction given by the court to the effect that, in order to convict the defendant of unlawful transportation of intoxicating liquors, it is not necessary for the state to show that at the precise moment the liquor in the automobile in question was found and seized, and the defendant in actual possession of said car arrested, the car was in actual motion, is technical at best and without merit. But technical as it is, any basis for the assumption of the fact that the car was not moving at the time stated is refuted by the evidence. On page six of the bill of exceptions, the arresting officer then being examined, these questions and answers appear: "Q. Now, what, if anything, did you do with the bottles that you found there in the car? A. I left them in at that time. Q. Did you place the defendant, Ernest Melcher, under arrest at that time? A. Well, I walked away from the car a little ways, and then I walked back, and when I got back to the car he had started his car and was leaving the place. Q. Who? A. Melcher. Q. What, if anything, did you say to him at that time? A. I ran and got on the running board and tried to stop him and did stop him. Q. Did you place him under arrest? A. I did." On cross-examination the same witness testified: "Q. When you arrived back at the car, what position was Melcher in? A. He was sitting at the steering wheel backing the car up. Q. He was backing the car out? A. Yes. Q. That's when you jumped on the running board? A. Yes, sir. Q. Did you have any help in making this arrest? A. No; I made it alone. Q.

How did you make the arrest? A. I got in the car and told him to stop."

When the defendant himself was upon the stand he nowhere denied that the car was moving when the officer jumped aboard, except in one place he said he was not backing up, but, on the contrary, on cross-examination, in referring to his companions who had accompanied him in the car to the dance and who were expecting to return with him, he testified: "They said they were ready to go; I told them I was. Q. And there wasn't anybody in your car when you started it up? A. No, sir. Q. You didn't even know that Cal Wood (the arresting officer) was on the ground? A. No. sir." Cal Wood was in hiding, and then it was he came from his hiding-place, jumped upon the running board of the moving car, compelled defendant to stop his car, and placed him under arrest, all the while the liquor being in the car where the officer first discovered it; so that, even if it were necessary to show that the car containing the liquor was actually moving at the moment of arrest and seizure, in order to prove illegal "transportation," which we do not hold it is, the evidence more than supports that fact. Certainly, there is no prejudicial error in the instruction complained of.

Another error assigned is the admission of certain testimony upon cross-examination of defendant as to defendant having engaged in similar transactions prior to the one for which he was then on trial. While we do not approve of the admission of the evidence in question, yet it cannot be said by any means that in this instance it was so prejudicial as to require a reversal of the case.

A complaint is likewise made of certain statements or language used by the county attorney in his address to the jury, the most objectionable of which is as follows: "I say to you that the defendant is a bootlegger and always has been, because his friends said that they didn't believe his statement that he didn't have any liquor." Upon objection being made, the court overruled the same,

with the remark: "The jury will have to pass on that, gentlemen. They are not bound by the arguments. Proceed in order."

This court has heretofore condemned the practice sometimes indulged in by prosecuting officers in making individual assertions respecting the guilt or character of the defendant on trial, and we again reaffirm our disapproval of this practice in so far as the above expression of the county attorney may be within it. In this case, however, the assertion of the prosecutor was followed by a statement of his reason therefor, supported by the evidence in the case, to wit:. "Because his friends said that they didn't believe his statement that he didn't have any liquor with him." It was then for the jury to say whether, under the evidence, the assertion was well founded. Under these circumstances we cannot say that the alleged objectionable language was such a transgression of the rule which ought to obtain in this regard as to pronounce it reversible error, particularly so in view of the statute (Comp. St. 1922, sec. 10186) which applies to both of the objections last above referred to, and which provides:

"No judgment shall be set aside, or new trial granted, or judgment rendered, in any criminal case on the grounds of misdirection of the jury, or the improper admission, or rejection of evidence, or for error as to any matter of pleading or procedure, if the supreme court, after an examination of the entire case, shall consider that no substantial miscarriage of justice has actually occurred."

This statute was doubtless enacted for the very purpose of furnishing to this court express lawful authority to deny the reversal of a case for just such matters as are involved in the above complaints, where, after an examination of the entire case, it shall appear that no substantial miscarriage of justice has actually occurred. We have examined the whole case and are of the opinion, not only that no miscarriage of justice occurred

in finding the defendant guilty as charged, but that a palpable miscarriage of justice would have occurred, had the jury found otherwise.

The claim that the car was not in the "possession" of defendant, according to the legal import of that term, is without merit. It is needless to discuss the nature of defendant's possession and whether it was that of owner, trespasser, or thief. The statute says nothing about possession in connection with the offense to be alleged or proved. Such an allegation contained in the complaint in this instance is not a necessary or material part of the charge and it will be regarded as mere surplusage. All the statute requires is that the car or vehicle in question be used or operated for the purpose named and such allegation properly appears in the complaint. In passing, however, it may be observed that in his petition, found in the record, to suppress certain evidence, the defendant makes oath that the automobile in question was in his "custody and possession" at the time of the seizure of the same by the officer.

Complaint is made by defendant of the court's disposition of the automobile in question and a refusal to admit evidence that the same belonged to another than the defendant. As we understand it, this is a matter in which the defendant is not concerned, particularly since he disclaims all interest in the vehicle himself. The forfeiture of the vehicle is no part of the sentence to be imposed upon defendant for his individual guilt in the transaction, but is an incident only to the conviction of the defendant so unlawfully using it, and therefore proceedings looking to such forfeiture should not incumber that part of the criminal action looking only to a determination of the personal guilt or innocence of the defendant. It is only after the conviction of defendant that the action may proceed against the vehicle with a view to its forfeiture. However, it must be observed that that part of the statute under which this action is prosecuted, as well as one similar thereto re-

lating to forfeiture, has been construed not to apply to one whose property and the possession thereof had been taken without the owner's knowledge or consent, either express or implied, as by act of trespass or theft or by forces of nature beyond his control, and we think properly so, not only for the reason stated in the opinions about to be cited, that in such case it cannot be said, in a legal sense, that the owner parted with his right of possession, but because to hold otherwise would be to permit the property of an innocent person to be taken and sacrificed without due process of law. *Robinson Cadillac Motor Car Co. v. Ratekin,* 104 Neb. 369; *United States v. One Saxon Automobile,* 257 Fed. 251, and cases cited.

In view of this fact, it would seem that an immediate and summary confiscation of said car should not follow conviction, when it appears that in the meantime one claiming to be the owner of said car is endeavoring to assert his rights of ownership thereto, but in such instance a reasonable opportunity should be afforded claimant to establish said rights by invoking such civil remedy for that purpose as the law affords.

In the present case, it appears that the sister of the defendant claimed to be the absolute owner of the car in question, and that defendant had wrongfully taken possession of the same without her knowledge or consent, and she therefore instituted an action of replevin for the possession of said vehicle. Without giving the claimant an opportunity to be heard, either in her replevin action or otherwise, but following a strict literal interpretation of the statute, the court directed the sheriff of the county to repossess himself of said automobile, sell the same at public auction and turn the proceeds thereof into the school fund. This we think the court should not have done until a reasonable opportunity had been given the claimant to establish her property rights, if any she had, to said car, and only upon

her failure or refusal to so do could the summary action be taken that was taken.

That part of the judgment of the court sentencing defendant to county jail and to pay the costs of prosecution is affirmed. That part of the judgment condemning the automobile in question and directing its sale is reversed and same vacated, with directions to fix a reasonable time and opportunity for the claimant to establish her rights of property and possession, if any she has, to said vehicle within the exemptions under the statute above indicated, the ultimate disposition of said vehicle to abide the result of such action.

JUDGMENT ACCORDINGLY.