## Earnest Brock v. The State.

### No. 7563.  Decided October 3, 1923.

### Rehearing granted November 14, 1923.

**1.—Transporting Intoxicating Liquor—Accomplice—Statute Construed.**

Where the State used as a witness, in addition to other witnesses, one of the men who appeared to have been engaged with defendant in the unlawful transportation of intoxicating liquor, he cannot be considered an accomplice in law.

**2.—Same—Charge of Court—Practice on Appeal.**

Where the court erroneously instructed the jury that the State's witness was an accomplice, and his testimony required corroboration, and notwithstanding this fact the jury found the defendant guilty, there is no reversible error; neither could he complain of the charge instructing the jury that if defendant riding in the automobile exercised no control over the whisky, he will not be guilty, etc.

**3.—Same—Requested Charge—Peremptory Instruction—Transportation.**

There was no error in refusing defendant's requested peremptory charge to acquit him, nor in the court declining to instruct the jury that transport means to carry, to move from place to place, under the facts in the instant case.

**4.—Same—Charge of Court—Principal.**

Where, upon trial of unlawfully transporting intoxicating liquor, the evidence raised the issue of principals, the court properly charged thereon.

**5.—Same—Argument of Counsel.**

Where the language of the district attorney, in his closing argument, was that there were men going to the penitentiary for violating this law, and others to go, was not hurtful to defendant, there was no reversible error.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully transporting intoxicating liquor, the evidence was sufficient to support the conviction there was no reversible error.

**7.—Same—Rehearing—Requested Charge—Defensive Theory.**

Where the defensive theory was that if any fluid at all was carried from one place to another in the car occupied by the defendant, and others, on the day in question, said fluid was water and was not whisky, by some means escaped this court's attention upon the original consideration of the case, and it appeared from the testimony in the case that what was supposed to be whisky at the time by the State officers was water instead of whisky, a new trial must be granted, for not submitting the requested charge thereon.

Appeal from the District Court of Knox.  Tried below before the Honorable J. H. Milam.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*D. J. Brookreson* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Knox County of the offense of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

On the trial of this case, in addition to other testimony, the State used as a witness in its behalf one of the men who appears to have been engaged with appellant in the enterprise which the State asserts to have been that of transporting intoxicating liquor. Sec. 2c of Chapter 61, Acts First Called Session of Thirty-seventh Legislature, reads as follows:

"Upon a trial for a violation of any of the provisions of this Chapter, the purchaser, transporter, or possessor of any of the liquors prohibited herein shall not be held in law or in fact to be an accomplice, when a witness in any such trial."

Giving effect to the terms of this enactment, it would seem clear that the witness Sams would not be held in law or in fact to be an accomplice. From the testimony of Mr. Sams it is made to appear that on the 4th of July, 1922, witness and one Epley got with the appellant at a garage in Knox City. Witness was trying to get a cable to pull his car in and appellant told him that he had good rope down at his slaughter pen. The party went to the slaughter pen and appellant told witness that he ought to have something down there to drink. Appellant walked out about twenty yards and picked up a jar about three-fourths full of what looked like corn whisky and the party got into the car and went from the slaughter pen up to the elevator some three hundred yards carrying the whisky with them. At the elevator the party were surprised by Mr. Hardburger, the city marshal, who came upon them and took possession of the liquor, which at the time of Mr. Hardburger's appearance was being held by a man in the party of appellant by the name of Carter. Mr. Hardburger testified that the whisky in question was white corn whisky, and that this was in Knox County, Texas. These are the material facts given in testimony on behalf of the State. Appellant denied having told witness Sams that he thought he knew where they could get some whisky and denied producing same when they reached the slaughter pen, and also denied getting a fruit jar containing liquor and putting it in the car. Appellant denied knowing there was any liquor in the car or that he had anything to do with it, if it was there.

In his charge to the jury the learned trial court erroneously informed them that the witness Sams was an accomplice and gave to the jury the usual charge on the necessity for the corroboration of the evidence of an accomplice in order to justify a conviction, notwithstanding which the jury found appellant guilty. In the charge we also find the following:

"You are instructed that if the whisky was owned by one or more of the defendant's companions and was under the control of the owner, and that defendant riding in the automobile exercised no control and had no physical possession of the whisky, he would not be guilty unless, he, by words or acts, encouraged the transportation of the whisky." This seems to us to present favorably to appellant the defensive theory in the case.

We do not think the trial court erred in refusing appellant's requested peremptory charge in his favor, nor that error appears in the court declining to instruct the jury that transport means to carry, to move from place to place. If the testimony of the State be believed by the jury, there could be no question of the fact that the liquor testified about was moved from place to place by the party in the car after appellant had produced same. We do not believe it any error to decline appellant's requested instruction that it was no offense to transport any liquid other than intoxicating liquor. This court is thoroughly committed to the proposition that it takes judicial notice of the fact that whisky is intoxicating liquor. There was no testimony in the case to refute that of Mr. Hardburger that the liquor found by him was whisky.

The trial court committed no error in submitting to the jury the law of principals. The car seemed to belong to a man by the name of Epley who was driving same. According to the State's theory appellant procured the liquor and placed it in the car, and the whole party went together in the car to the place where they were found by Mr. Hardburger. This would appear to present a state of facts upon which the court properly charged the law of principals.

Complaint is made that the district attorney in his closing argument to the jury said: "There are men going to the penitentiary for violating this law and others to go," and that this language was excepted to and the court asked to instruct the jury not to consider it. We are not led to believe that the statement was of any matter materially erroneous or hurtful to the appellant.

We are of opinion that the evidence was sufficient to justify the conclusion reached by the jury, and that none of the matters complained of present reversible error, and an affirmance is ordered.

*Affirmed.*

## November 14, 1923.

LATTIMORE, JUDGE.—By some means that which constituted the defensive issue in this case, and presenting which a special charge was asked in the trial court, and for failure to present which an exception was taken to the charge of the court below, escaped our attention upon the original consideration of this case, and must have escaped that of the usually very careful trial judge.

The defensive theory referred to was that if any liquor at all was carried from one place to another in the car occupied by appellant and others on the day in question, said liquid was water and was not whisky. It appears from the testimony of the officer who arrested appellant, that he came upon the party at an elevator and found them there in possession of some whisky. It seems that the officer had been watching said parties before and saw four of them drive down a road which went by the elevator in question. The officer went and got his horse and rode out in the direction taken by said parties. About the time he reached the elevator he saw the party in the car coming back, saw them drive up to the elevator near an engine room. When he got to them appellant was standing by the car, and in the engine room he found a Mr. Carter in possession of a fruit jar of whisky, and a Mr. Sams holding a bottle, and also a Mr. Epley in there with them. The officer took charge of the whisky and some of the party. Witness Sams testified for the State that on said occasion the party at the elevator had what was supposed to be corn whisky. This witness stated on the occasion when they were discovered by the officer that they had been to a well and that this appellant left the car and went out about twenty yards and picked up a jar about three-fourths full of what looked like corn whisky, and that they could not find anything to dilute it with, so they went up to the elevator where they were doing what they could to get it in shape to take a drink when the officer came up. He said they carried the whisky from the well up to the elevator about three hundred yards.

For the defense appellant and a man named Carter, who was in the party, testified that when they went from town down to the well, they carried nothing at all but that at the well they got some water in a fruit jar and carried it back up to the elevator where they knew some corn whisky would be found; that this corn whisky was in a fruit jar in the engine room, and that when he and two others of the party got out of the car at the elevator they went into the engine room, took up the fruit jar containing the whisky and were in the act of trying to mix some of it with the water which they had brought from the well when the officer appeared and confiscated the liquor. Appellant and his witness both denied the transportation of anything on

said occasion except the water from the well to the gin house. We quoted in our original opinion a part of the charge of the learned trial court to which an exception was taken at the time of trial upon the ground that it was on the weight of the evidence and invaded the province of the jury, and that same ignored the defensive theory in the case and failed to present it, and also that said charge ignored the appellant's explanation of what was claimed to be his transportation of whisky. Appellant also presented to the court the following special charge:

"You are instructed that the indictment in this case charges the transportation of intoxicating liquors, and that it is no offense to transport any other liquid than intoxicating liquors, and unless you find beyond a reasonable doubt that the defendant transported intoxicating liquors, you will acquit the defendant, or if you have a reasonable doubt as to whether defendant transported intoxicating liquors, or some other liquid, which other liquid was not intoxicating you will give the defendant the benefit of the doubt, and acquit the defendant, and say by your verdict not guilty."

It thus appearing that the contention of appellant and his witness being that there was no whisky transported from the well to the elevator but that the liquid so transported was water, it appears that that portion of the main charge complained of is subject to the objection made thereto, and that an instruction to the jury that "if *the* whisky was owned by one or more of the defendant's companions and was under the control of the owner, and that defendant riding in the automobile exercised no control and had no physical possession of *the* whisky, he would not be guilty unless he, by words or acts encouraged the transportation of *the* whisky," would be in effect an assumption on the part of the trial judge that the article transported from the well to the elevator was whisky, and said charge would thus be open to the criticism that it was on the weight of the evidence. The special charge above referred to, in the absence of any affirmative presentation of the defendant's theory of the case in the main charge, should have been given.

Having become convinced that we were in error in our former opinion, same will be set aside and the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*