STATE, Respondent, v. WALETICH, Appellant.

(213 N. W. 21.)

(File No. 6161.    Opinion filed April 2, 1927.)

1.  **Intoxicating Liquors—Conveying Liquor In Car 150 Feet On City Street Held "Transportation," Within Statute (Rev. Code 1919, § 10303).**

Removing bottle from rear to front seat of slowly moving automobile on city streets, and additional movement of car from defendant stepping on gas when officer arrested him, the car having moved total distance of about 150 feet, was "transportation," within Rev. Code 1919, § 10303, prohibiting transportation of intoxicating liquor.

2. **Criminal Law—Instruction To Jury, Based On Statute, That Liquor Laws Shall Be Liberally Constructed For Enforcement Held Error (Rev. Code 1919, § 10235).**

Instructions in liquor case that laws of this state especially direct that all provisions of the intoxicating liquor laws shall be liberally construed for the enforcement thereof, based on Rev. Code 1919, § 10235, held prejudicial error, that section being one of interpretation addressed to the courts.

3. **Intoxicating Liquors—Instructions, Based On Statute, That No Artifice Shall Benefit Defendant Held Inappropriate, In Prosecution For Liquor Transportation Under Another Section (Rev. Code 1919, §§ 10299, 10303).**

In prosecution for transportation of intoxicating liquor, under Rev. Code 1919, § 10303, and instruction that no artifice should benefit the defendant, being based upon section 10299, which provides that any shift or device shall be punished as unlawful selling is punished, held inappropriate.

4. **Criminal Law—States Attorney—Expression of Personal Opinion By State's Attorney In Liquor Case, Where He Had Examined Liquor At Defendant's Arrest, Held Prejudicial.**

State's attorney's expression of personal belief in prosecution of liquor held prejudicial, under evidence he had sopped up liquor on automobile running board and invited bystanders to smell it.

Sherwood and Polley, JJ., dissenting.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Intoxicating liquors, Key-No. 138, 33 C. J. Sec. 197; (2) Criminal law, Key-No. 790, 16 C. J. Sec. 2359; (3) Intoxicating liquors, Key-No. 239(2), 33 C. J. Secs. 541, 547; (4) Criminal law, Key-No. 720½, 16 C. J. Sec. 2257.

Appeal from Circuit Court, Roberts County; Hon. J. J. BAT-TERTON, Judge.

George A. Waletich, Jr., was convicted of transportation of intoxicating liquor, and he appeals. Reversed and remanded.

*Babcock & Babcock,* of Sisseton, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

GATES, J. The charge in this case is the transportation of intoxicating liquor. The information charged the transportation as having been—

"from a point in the public highway known as First Avenue East, in the city of Sisseton, in the county of Roberts, and state of

South Dakota, opposite the Powell Hospital within said city, and thence south to a point in said public highway, opposite lot 8 of block 42, in the city of Sisseton, in the county and state aforesaid."

[1] The distance between these points was about 150 feet. It is argued that this was not a transportation within the meaning of section 10303, Rev. Code 1919, but we think it clearly was. Novotny v. State, 182 Wis. 304, 196 N. W. 232; Melcher v. State, 109 Neb. 865, 192 N. W. 502; Brock v. State, 96 Tex. Cr. R. 6, 255 S. W. 751; Jordan v. State, 6 Okl. Co. 384, 118 P. 813.

While the car was moving slowly, the officer saw defendant remove a bottle from the rear seat to the front of the car. The officer crossed the street, when defendant's car stopped at the latter place, and got on the running board; defendant broke a quart bottle containing a clear liquid upon the side of the car; then he broke another smaller bottle, containing a brownish liquid; there was a scuffle; defendant stepped on the gas, and the car went about 50 feet before the officer had the defendant under control. The officer testified that from the broken bottles he smelled moonshine alcohol fumes. At the justice's office to which defendant and the car were taken, the state's attorney used his handkerchief to sop up some of the liquid remaining on the running board of the car and invited bystanders to smell it. The justice testified that he smelled of the handkerchief, and that "it had a alcohol fume to it." He was the only witness called by the state to testify concerning the smell of the handkerchief. On the other hand, one Dale, a business man of Sisseton, testified that he could not detect any smell of liquor, and that it smelled like turpentine.

Defendant was convicted, and he appeals from the judgment and an order denying new trial.

[2, 3] Many assignments of error are argued; but the one above referred to in reference to transportation, another with reference to an instruction of the jury, and another with reference to misconduct by the state's attorney, are the only assignments that we think merit reference in this opinion. The court charged the jury as follows:

"The court instructs the jury that the laws of this state especially direct that all of the provisions of the intoxicating liquor laws of this state shall be liberally construed for the enforcement thereof, and that no shift, device, art, or contrivance whatever,

which is used or practiced to evade the law, if you find that any such were used or practiced for such purpose by the defendant, will not avail or be of any benefit to him, if you find that there was substantial violation of the law by him of the charge made against him in the information."

This instruction was evidently taken from the provisions of sections 10235 and 10299, Rev. Code 1919. In so far as it was given under section 10299, it seems to us it was inappropriate. The charge here was unlawful transportation—not any offense arising under section 10299. In so far as it was given under section 10235, it seems to us that the instruction was clearly erroneous. That section is one of interpretation of the act and is addressed solely to the courts, and the jury has nothing to do with it. The instruction should not have been given.

We are of the opinion that the portion of the instruction, which stated that the laws of this state especially direct that all of the provisions of the intoxicating liquor laws shall be liberally construed for the enforcement thereof, was not only erroneous, but constituted prejudicial error. We think it must have impressed the jury that the liquor laws stand upon a higher plane than other criminal laws, and that it should be particularly astute to convict upon a charge of violating the intoxicating liquor laws as compared with the violation of other laws.

In his argument to the jury, the state's attorney stated:

"We believe the liquid in the bottles was alcohol."

[4]   In overruling appellant's objection thereto, the court said:

"The state's attorney should not go to the extent of stating what his personal belief is outside of the facts, but counsel are at liberty to draw such deductions and conclusions from the evidence as to them appear to be proper, and such as they think is borne out by the testimony. Of course, the jury will understand very readily that the statement of counsel, and they have already been instructed on that point, are that statements not warranted by the evidence will be disregarded by the jury, but as far as this statement is concerned, as the court has heretofore stated, counsel are at liberty to draw such deductions from the evidence as they think proper, and for that reason the objection will be overruled."

If this were merely the ordinary case of a state's attorney

becoming a little overzealous, the above record might not show prejudice. In this particular case, however, the evidence before the jury showed plainly that the state's attorney was present at the justice's office shortly after the officer brought appellant there. It was he who called attention to the fact that there was some liquid spilled on the car. He took a handkerchief and sopped up some of it and invited bystanders to smell it, and it is to be noted that one of the bystanders, a business man of Sisseton, testified that he could not detect any smell of liquor and that it smelled like turpentine. On this state of facts the statement by the state's attorney that he believed the liquid was alcohol cannot be assumed to be merely. an expression of his view upon the weight of the evidence. It is impossible to say that it was not taken by at least some of the jurors as a statement of his personal opinion, based upon the investigation in which he actively participated. If the state's attorney desired to express his belief that the liquor was alcohol, he should have made his statement as a witness, under the sanctity of an oath and subject to cross-examination. We think such misconduct was prejudicial to appellant.

For these reasons, the judgment and order appealed from are reversed and the cause is remanded for a new trial.

CAMPBELL, P. J., and BURCH, J., concurring.

SHERWOOD and POLLEY, JJ., dissenting.