STATE, Respondent, v. WEIS, Appellant.

(216 N. W. 863.)

(File No. 6373. Opinion filed December 20, 1927.)

P. A. Hosford, of Winner, for Appellant.

Buell F. Jones, Attorney General, and Bernard A. Brown, Assistant Attorney General, for the State.

MORIARTY, C. The appellant, Nick Weis, was convicted on a charge of transporting intoxicating liquor. From the judgment pronounced upon said conviction, and from an order denying a new trial, this appeal is taken.

The undisputed evidence shows that the defendant drove a Ford coupe to a Farmers' Union picnic being held at Brandon Springs, in Tripp county. During the evening, while a dance was being held in connection with said picnic, defendant's car was parked near other cars near the dance floor. While the cars were so parked, defendant was seen to take a bottle of beer from the rear compartment of his car, open the bottle, carry it in his hands to another car parked a few feet from his own, and place the bottle between two women who were sitting on the running board of said other car. An officer took immediate possession of this bottle of beer, and, upon examining the rear compartment of the defendant's coupe, found there a bucket or pail containing ten bottles of beer. There was no evidence as to when the beer was put in the car, but both the defendant and his wife swore that it was not in the car when they arrived at the picnic grounds.

The sole contention of the defendant is that the mere carrying of the beer from one car to another a few feet away should not be held to constitute transporation of the liquor.

The time when the alleged offense was committed was on July 23, 1925. Therefore the law then in force was section 10303 of the Revised Code of 1919, as amended by chapter 204 of the Laws of 1925. So far as it applies to the question involved herein, said section as so amended provides as follows:

"It shall be unlawful for any person to carry or transport any intoxicating liquors, * * * in any wagon, buggy, automobile, automobile truck, boat, air or water craft or other vehicle or conveyance, or in any other manner, from any point in this state or from any point outside of this state to any point in this state."

This court has already held that the carrying of intoxicating liquor upon the person while walking from place to place would constitute a violation of section 10303. State v. Burns, 46 S. D. 579, 195 N. W. 445.

As to the distance which the liquor must be carried to constitute transportation, the record shows that the defendant carried the liquor but a few feet, but he carried it from his own car to that of another. There is no limitation of distance in the statute. The law reads, "from a point to a point."

To hold that the points referred to in the statute must be some definite distance apart would be reading into the law a limitation that is not there, and would be contrary to the provision that the intoxicating liquor laws of this state shall be liberally construed for the enforcement thereof, as provided by section 10235 of the Revised Code of 1919.

This court has held that the carrying of liquor between two points about 150 feet apart, and situated on the same street, constitutes transportation within the purview of section 10303. State v. Waletich, 51 S. D. 209, 213 N. W. 21.

In Melcher v. State, 109 Neb. 865, 192 N. W. 502, cited in the Waletich Case, supra, the Nebraska court, construing a statute similar to our section 10303, held that proof that there was liquor in a car which the defendant was backing away from the curb was sufficient to sustain a conviction for transporting. See, also, Novotny v. State, 182 Wis. 304, 196 N. W. 232; Brock v. State, 96 Tex. Cr. R. 6, 255 S. W. 751; Scaggs v. Commonwealth, 196 Ky. 399, 244 S. W. 799; Brooks v. State, 93 Tex. Cr. R. 206, 247 S. W. 517; Quivers v. Commonwealth, 135 Va. 671, 115 S. E. 565; Jentho v. State, 19 Okl. Cr. App. 434, 200 P. 251.

In addition to the question of the sufficiency of the evidence, the appellant contends that the trial court erred in denying a new trial, in that defendant's showing of newly discovered evidence was sufficient to entitle him to a new trial. On this point defendant presented affidavits of two men, who swore that on the evening in

question they saw some man whom they did not know, but who was not the defendant, put a pail into the rear compartment of defendant's coupe.

In view of the fact that the act of defendant in carrying the beer from his car to another car is sufficient to support the conviction, it is immaterial who placed the liquor in the car.

Finding no reversible error in the record, the judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.