## Dewey Revels v. The State.

No. 5840.    Decided October 20, 1920.

**1.—Burglary—Continuance—Immateriality of Testimony.**

Where the testimony of the absent witness was immaterial to the main issue of the case, or in contravention of the testimony introduced by the defendant and besides, the diligence was insufficient, the application was correctly overruled.

**2.—Same—Charge of Court—Recent Possession—Circumstantial Evidence.**

Where, upon trial of burglary the facts showed that something like three or four weeks after the alleged burglary the defendant was found in the possession of the pistol taken from the alleged burglarized house, which he claims to have purchased, and the court gave a charge on circumstantial evidence and directly applied it to defendant's theory of purchase, there was no reversible error. Following Wheeler v. State, 34 Texas Crim. Rep., 350.

**3.—Same—Evidence—Bill of Exceptions—Reproduction of Testimony.**

Where appellant claimed that there was no proper predicate laid to the reproduction of the testimony of an absent witness who resided in another State, but defendant's bill of exceptions was not verified by the trial judge and did not set out the alleged testimony, there was no error in overruling same.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary the evidence was sufficient to sustain a conviction under a proper charge of the court, there was no reversible error.

**5.—Same—Rehearing—Statements in Opinion—Dates.**

Where appellant's motion for rehearing contended that the dates set forth in the opinion were erroneous, but it appeared therefrom that the dates are correct, except that they are located in the wrong month, but this was not a matter of importance, there was no reversible error.

Appeal from the District Court of Bowie. Tried below before the Honorable P. A. Turner.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*F. M. Brooks* and *Keeney, Dalby & Smith,* for appellant.—On question of insufficiency of the evidence: Daniel v. State, 132 S. W. Rep., 773; Russell v. State, 218 id., 1049; Field v. State, 24 Texas Crim. App., 428.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of reproduction of testimony: Parker v. State, 18 Texas Crim. App., 90.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted under an indictment charging him with the burglary of the house of Mrs. J. R. Price.

The facts show that something like three or four weeks after the alleged burglary appellant was found in possession of a pistol taken from the house. Mrs. Price testified that appellant knew her pistol, and had been in her house of business and tried to buy it, and upon her refusal to sell he then sought to borrow it. She declined to let him have it. On the night of the burglary she left home. She recognized appellant standing on the opposite side of the street. She was gone a short time on a visit to friends, and upon her return discovered that her house had been burglarized and her pistol taken. She notified the officers, and the following night one of the officers searched appellant's house and failed to find the pistol. Later two or three other officers visited his house and did find the pistol. One of the officers testified that he went to appellant's house to search for the pistol in company with Mr. Walraven, another officer. Upon reaching the house they called for appellant to come to the door. He states as follows: "We heard him scuffling around in there a good little bit before he came to the door. That was in the night, I suppose between 10 and 11 o'clock. There was a drawer there right next to the door and we heard him rambling around, and it sounded like he dropped something; we were standing near the window and we heard something drop, sounded like they put something in the drawer. The door was not opened and we were not admitted before we heard that noise like something drop by the window. I went in the house and the defendant was there; he was undressed, in bed. We searched the house, Mr. Walraven and Mr. Bentley and myself all searched it. Mr. Walraven went there and looked through all the drawers while I was there in the corner, and after he had looked through all the machine drawers and dresser drawers there was a little place be-

tween the window and the door and kind of under the window, which was about that high, about two feet from the floor, and in looking around there it looked like there had been drawers there for something, about that deep (indicating about three or four inches deep), and under this place it wasn't ceiled, but the rest of the house was ceiled up to that, and these two little drawers set back under there which filled this space, and when I pulled that drawer out I found the gun in that drawer. That was a thirty-eight pearl-handle Smith & Wesson.'' This pistol was identified as being the pistol of Mrs. Price. Walraven testified that he had previously searched for the pistol but failed to find it; that about three or four weeks afterward he and the previous witness in company with Bentley went to appellant's house and did find the pistol as indicated by the testimony of the witness quoted above. The burglary seems to have occurred about the 13th of December. Appellant denied any knowledge of the pistol; contradicted the statement of Mrs. Price that he had sought to purchase or borrow the pistol from her, denied having been in her house or having any connection with the burglary, stating that he had bought the pistol from an Irishman who had worked at the same cafe in which he was an employee. Two other witnesses testified they saw him purchase the pistol from a man who was an employee of the same cafe where they were all working, and that appellant paid $8.50 for it. One of these located the time as being in November and about the last part of the month. The other witness stated it was the last of November or the first of December when appellant's purchase of the pistol should have occurred.

Appellant sought a continuance on account of the absence of the proprietor of the cafe at which he worked. The court declined to grant it, and process was issued for the witness who lived in Texarkana something like twenty or twenty-five miles from the place of holding the court. The officer secured the witness but on account of the heavy road was not able to reach the court until about the termination of the trial. The affidavit of the witness is attached to the motion for a new trial. In this he states he knew nothing of the pistol or its purchase, but that he had a man named Mills in his employ from the 26th and 27th of December, and perhaps until the 29th. We are of opinion the court did not err in not granting the application for this witness. This testimony did not support appellant's theory of the purchase as made by the testimony of the two witnesses introduced. They state it was the latter part of November or the first part of December. Under the affidavit of the owner of the cafe, attached to the motion for new trial, the man from whom they claim appellant purchased the pistol was not in his employment until the 26th of November following. The State from no viewpoint controverted the fact that the owner of the cafe had somebody employed to work in the capacity that defendant's witnesses testified. The question was one of time. Had the absent witness testified as

he states in his affidavit, it would have been in contravention of the testimony introduced by appellant. We are, therefore, of opinion there was no error in overruling the application for a continuance.

There was an exception to the court's charge with reference to explanation of his possession of the property. In this connection the court charged on circumstantial evidence but directly applying it to appellant's theory of purchase and explanation gave the following: "In this case the defendant has introduced evidence to show that he purchased the property, alleged to have been stolen, from one ————————, an Irishman. Now, if you believe from the evidence that the defendant purchased said property, or if you have a reasonable doubt as to whether he did or did not purchase said property from the said ————, an Irishman, or any one else, then you will find the defendant not guilty." Then follows another charge on reasonable account, copying *verbatim* the approved charge by this court presenting the issue of reasonable explanation as found reported in Wheeler v. State, 34 Texas Crim. Rep., 350. Both charges given by the court have been approved by this court in a number of cases. See Branch's Crim. Law, Sec. 797, and for collation of a great number of cases see 5 Rose's Notes, pp. 1016 and 1017. Appellant's theory of his possession of the property was that he bought and paid for it. The court submitted this directly and affirmatively, instructing the jury that if appellant purchased the property from the Irishman, or if there was a reasonable doubt of that fact, the jury should acquit. We are of opinion that under the decisions this charge sufficiently presented the issue, but the court, in addition to his charge on purchase, directly submitted the issue of his account of his possession of the pistol as enunciated in Wheeler v. State, *supra,* and those cases which follow it. We are of opinion that under those cases the court gave a favorable charge to the jury in appellant's behalf.

There is a bill of exceptions reserved to the reproduction of the testimony of Mrs. Price. The bill sets out her testimony, and after narrating the testimony exception is reserved because a proper predicate had not been laid. This is stated as a ground of objection only. There is no attempt in the bill to show that there was not a proper predicate laid, nor what the facts were with reference to the predicate. If we look to the statement of facts we think the predicate was sufficiently laid for the reproduction of this evidence. It shows that Mrs. Price was absent from the State and living in Arkansas. Under the decisions we are not permitted to go to the statement of facts to aid this bill of exceptions. The court signing the bill does not verify this ground of objection as stating the facts in regard to the predicate. If it was desired to show want of a proper predicate, the testimony should have been set out in the bill of exceptions. As presented this bill presents no error.

Nor do we think there is any real merit in appellant's contention that the evidence is not sufficient. His theory of this phase of the case is that his account of it was not overcome with sufficient certainty as to his coming into possession of the property otherwise than by entering the house and committing theft of it. We think enough of the evidence has been stated to show that the jury was warranted in concluding that his account of it was not a correct one. We do not deem it necessary to review the testimony.

For the reasons indicated the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

October 20, 1920.

DAVIDSON, Presiding Judge.—Before the adjournment of the last term of court the judgment herein was affirmed. Appellant has filed a motion for rehearing. The principal contention arises or seems to arise out of the fact that in mentioning some of the dates the opinion does not correspond with the dates mentioned in the record. The opinion states that the burglary was committed on the 13th of December, and that Norris, owner of the cafe, had in his employment a man named Mills the 26th and 27th of December. An inspection of the record shows that the opinion should have stated that the burglary was committed on the 13th of November, and that Norris' statement was to the effect that Mills was in his employ on the 26th and 27th of November. The dates are correct except located in the wrong month. In some way the wrong month was stated in the opinion, but it is not a matter of any material importance. Appellant claims that he bought the pistol from an Irishman who was employed at Norris' cafe. Whether it was Mills about whom Norris made the statement or not is not shown except by inference. It seems from the record that the examining trial was held on the 13th of December. Appellant testified that he bought the pistol from an Irishman about a week before he was found with the pistol, which was about the 12th of December, the day his house was searched and pistol found. Norris' statement is to the effect that he had in his employ in his cafe a man named Mills during the 26th and 27th of November, and that he went away. Appellant claims further that the man from whom he bought the pistol was an Irishman, who he says was a dishwasher at the cafe, and that when he left he went to Dequency, Louisiana. There was no attempt to identify the two men further than as stated as being the same, nor was there an attempt to produce this man at the trial as a witness or otherwise so as to identify him as being the same man mentioned by Norris. One of appellant's witnesses seems to have been somewhat confused in his testimony, stating that he went to work at this cafe the latter part of October,

and a few days after he was at work this Irishman came there, worked a couple of days and left.

This much has been stated with reference to dates so as to make the opinion conform to the dates set out in the record. The months, instead of being written in the opinion as December, as above stated, should have been November. We do not believe this to have been of any material importance.

The motion for rehearing will be overruled.

*Overruled.*