ALLEN PRUETT V. THE STATE.

No. 13944.   Delivered February 11, 1931.

The opinion states the case.

*M. W. Burch* and *Grady Woodruff,* both of Decatur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE. — Conviction for transporting intoxicating liquor; punishment assessed at sixteen months in the penitentiary.

An admitted co-transporter, one Lillard Green, testified that he lived five miles east of Slidell in Wise County, Texas; that he went with Allen Pruett, the appellant, who had asked that he come to Decatur

with him; that they were in Slidell and that appellant had some liquor (whisky), and he wanted the witness to go down the road with him, and that they went down the road and threw the liquor out of the car. They then came back to Decatur and got a stove for appellant; that while they had the liquor they were in Allen Pruett's car, and that he was driving; that they stopped on the road at a little culvert or bridge and threw the liquor out, between Decatur and Slidell; that the appellant told him that he was going to sell the liquor to one Bryan Blair; that they went back to town and saw the said Blair; that the appellant called Blair out to the car; they had a conversation with him about borrowing some money; that they then all got in the car and went back to where the liquor was thrown but that it was gone; that the appellant and Bryan Blair had a fight in the road about the whisky; that the appellant hit Blair on the side of the head and skinned him; that the appellant did all the driving; that there was something like a pint or a quart of whisky in a jar in the car. Said witness was corroborated by another State witness who witnessed the transaction as to seeing the liquor thrown out of the car and afterwards getting the liquor and destroying it.

It was appellant's defense and he so testified that he was present but had nothing to do with the transportation of the whisky. The State's witness, Lillard Green, was the one who was transporting the whisky and driving the car and that all the appellant had to with the transaction was that he assisted in the drinking of the whisky.

Appellant excepted to the charge of the court and presented special requested charges two to six, inclusive, the exceptions and objections being that the court had not limited the jury in their consideration of the law of principals by a charge that the appellant's mere presence would not constitute him a principal. The appellant had testified in substance that he was merely present and riding in said automobile and exercised no control over and had no physical possession of the whisky. The court in his charge gave the following instruction to the jury: "If you believe and find from the testimony that the whisky in question alleged to have been transported was owned by Lillard Green and was under his control, and that Allen Pruett was merely present riding in said automobile and exercised no control over, and had no physical possession of the whisky, he would not be guilty unless he, by words or acts, encouraged the transportation of said whisky, and if there is a reasonable doubt in your mind as to whether or not the said Allen Pruett did exercise control or dominion over or had physical possession of the whisky in question, or did by some word or act encourage the transportation of said whisky, you will find the defendant not guilty."

This, in our opinion, fully covered in an affirmative manner the defense set up by the appellant in this case and did not call for any

of the special instructions asked for and complained of in said bills of exception.

Bills of exception Nos. 7 and 8 complain of the charge of the trial court in defining the word "transport", upon the ground that the definition in said paragraph No. 2 limited and was not a correct and legal definition of said word or term as applied to the law in this case. The court defined the word "transport" in his charge as follows: "The word 'transport,' as herein used, means to move òr carry from one place, or locality, to another place, or locality."

In Lee v. State, 95 Texas Crim. Rep., 654, 255 S. W., 425, 426, Judge Morrow, Presiding Judge, speaking for the court, says: "The statute does not define 'transport.' Under the law, it is to be given the meaning 'understood in common language,' taking into consideration the context and subject matter. Penal Code, Art. 10. In common language, 'transport' signifies the carrying or conveying from one place, locality or country to another. Cyc. of Law and Proc., Vol. 38, p. 946."

If it was necessary for the court in this case to give a definition of the word "transport," the definition given was substantially correct and presents no reversible error.

Bills of exception Nos. 9, 10 and 11 complain of the action of the court in giving in his main charge the definition of principals, because as to who were or who were not principal offenders was not an issue in this case. Under the evidence in this case, we think the court properly charged on the law of principals.

By bill of exception No. 13 appellant complains of the introduction by the State of certain testimony by witness C. M. Quisenberry, the objection being that such testimony was hearsay testimony and no proper predicate had been laid for impeachment that would authorize the introduction of said testimony. In said bill of exception no facts are stated showing why the evidence was objectionable. It does not disclose the predicate or condition under which the testimony was admitted. It does not show as a fact that a proper predicate had not been laid and a mere statement of that matter as a ground of objection being insufficient, said bill does not call for our review. Mauney v. State, 85 Texas Crim. Rep., 184, 210 S. W., 959; Carmona v. State (Tex. Crim. App.), 65 S. W., 928; Revels v. State, 88 Texas Crim. Rep., 36, 224 S. W., 689.

Appellant's bill of exception No. 14 complains of the trial court's failure to give a charge on the law of circumstantial evidence. In this case there was direct and positive evidence of the transporting of intoxicating liquor; therefore no charge on circumstantial evidence was called for.

We note that the verdict and judgment in this case assess appellant's punishment at sixteen months in the penitentiary, and that the sentence also fixes his punishment at sixteen months in the penitentiary. The sen-

tence will therefore be reformed and the punishment fixed at an indeterminate term of not less than one year nor more than sixteen months in the penitentiary and as so reformed, the judgment will be affirmed.

*Reformed and Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.