DAVID R. PROSCH V. STATE.

No. 26,085. December 10, 1952.

*Martin & Shown,* by *W. E. Martin,* Houston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder without malice; the punishment, two years.

The witness Steel testified that on the night in question he was a passenger in an automobile driven by a Mr. Manshack; and, as they were proceeding northward on Curry Road in Houston, an automobile entered Curry Road from their left, without stopping at a stop sign, ran in front of them, causing their automobile to collide therewith, and that Mr. Manshack died as the result of the collision.

Numerous police officers, who arrived upon the scene of the wreck, testified that appellant was intoxicated. A written confession of appellant was introduced in evidence, in which he admitted that he had drunk six or eight bottles of beer and two

or three drinks of gin prior to the accident and admitted that he was the driver of the automobile involved in the collision.

Appellant claims a fatal variance between the allegations in the indictment and the proof. The indictment charged appellant with having caused the death of Manshack "by then and there driving his said automobile into and causing it to collide with and strike another automobile" in which Manshack was ridng. The proof, as stated, was that appellant drove across in front of the automobile in which the deceased was riding and that the collision resulted therefrom.

We feel that the evidence established that appellant caused his automobile to collide with the automobile in which the deceased was riding. It is evident that it was appellant's act that brought about the collision. This contention is overruled.

Appellant's two bills of exception present situations which, if true, might require a reversal of the cause. Neither bill was approved by the trial judge. He prepared and filed his own bills. There are no bystanders bills in the record. The court's bills reflect no reversible error.

The judgment of the trial court is affirmed.