ROBERT E. LEE V. STATE

No. 28,520. November 7, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 9, 1957.

A. C. Cooke, and *Boling & Griffith*, by *S. P. Boling*, Lubbock, for appellant.

*Harold Green*, County Attorney, Tahoka, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is transporting beer, wine, gin and whisky in a dry area; the punishment, 60 days in jail and a fine of $500.

The agreed statement of facts in narrative form shows without question that appellant was stopped by Tom Hale and D. Lindley, Deputy Sheriffs of Lynn County, while he was driving an automobile on a road in that county and a large quantity of beer, wine, gin and whisky was found in the car and admitted in evidence. The area was admittedly dry.

Appellant urges that the search of appellant's car was illegal and the evidence as to its results was therefore inadmissible. The state attacks the sufficiency of the objection to raise such issue.

Deputy Hale, in the hearing before the court in the absence of the jury, when the admissibility of this evidence was being considered, testified that after he had seen the carton of beer in the car, appellant gave him permission to search and voluntarily opened the hood of the car where two cases containing whisky and gin were found. He had previously testified to having seen the carton of beer while checking appellant's "driver's license."

There being evidence before the court that appellant con-

sented to the search of his car, we overrule the contention that the court erred in admitting in evidence the results of the search.

As presented in the court's bill of exception, the objection to the court's definition of the word "transport" shows no reversible error. The court defined transport to mean "the carrying or conveying from one place or locality to another place or locality," and the objection was that the charge did not clearly and properly define the term transport.

We are bound by the court's bill, no bystanders' bill being filed. See Prosch v. State, 158 Texas Cr. Rep. 68, 253 S.W. 2d 432; Klinedinst v. State, 159 Texas Cr. Rep. 510, 265 S.W. 2d 593; Crownover v. State, 162 Texas Cr. Rep. 470, 286 S.W. 2d 624.

Under our holding that the search of appellant's car was upon consent, the remaining bills of exception, considered without reference to the court's qualification or the bills prepared by the court, show no error which would call for reversal.

The evidence sustains the conviction and we find no reversible error.

The judgment is affirmed.