The STATE of Texas, Appellant,

v.

Jack SINGLETON, Appellee.

No. 6502.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 30, 1961.

Will Wilson, Atty. Gen., Austin, for appellant.

McDaniel, Hunt & Fairchild, Center, for appellee.

STEPHENSON, Justice.

This was an action brought in the District Court in Shelby County, by the State of Texas to forfeit an automobile used for the transportation of illicit beverages, under Art. 666–42 Vernon's Ann.P.C. The lienholder intervened. The case was tried before the court and judgment was rendered for the defendant and intervenor.

The sheriff of Shelby County discovered the automobile stuck in the middle of a muddy dirt road. Neither the defendant, Jack Singleton, nor anyone else was in or near the car at the time of discovery. Shelby County is a "dry county". A number of bottles of whiskey and wine were inside of the automobile. The intervenors, Milton Jones and Alton Hughes, were in the used car business. They sold Jack Singleton the automobile, and retained a lien.

The trial court found that the alcoholic beverages in the automobile were illicit beverages, but that the evidence was insufficient to establish that the automobile was used for its transportation. The appellant contends the trial court erred in not finding this automobile had been used to transport such illicit beverages. This is not a case in which the appellate court is asked to determine whether there was sufficient evidence to sustain a finding of either a jury or the court that the automobile had been used to transport the illicit beverages, but it is a case in which the appellate court is asked to find as a matter of law, under the evidence, that the automobile had been used for such purpose. We do not believe the evidence was of such a nature to compel such action on the part of this court.

The State of Texas offered evidence showing: that Jack Singleton was the owner of the automobile; that this automobile was found "crossways of a dirt road"; that the road was muddy and the tracks of this automobile were the only ones to be seen around it; that there were some footprints around the car but "not too many"; that the illicit beverages were found in the automobile; that Jack Singleton had been arrested on two occasions for possession of alcoholic beverages. This was the only evidence as to the matter of transportation. No direct evidence was offered to prove the automobile had moved after the illicit beverages had been placed in it. The State of Texas did no more than raise an issue by circumstantial evidence for the court to determine. The trial court found that the State of Texas

had not proved the automobile had been used to transport the illicit beverages. This finding was supported by the evidence and is in accord with the recent Court of Criminal Appeals' decision in Blanks v. State, 336 S.W.2d 430.

The other two points of error raised by appellant become immaterial in view of this holding.

The judgment of the District Court is affirmed.