**The STATE of Texas, Appellant,**

v.

**Charles ROSE, Jr., et ux. (1962 Chevrolet Automobile), Appellees.**

**No. 16726.**

Court of Civil Appeals of Texas.

Dallas.

April 29, 1966.

Henry Wade, Dist. Atty., John J. Orvis, Asst. Dist. Atty., Dallas, Waggoner Carr, Atty. Gen., and Douglas H. Chilton, Asst. Atty. Gen., Austin, for appellant.

Levi N. Curl, Dallas, for appellee, Marie McCutcheon, Dallas, for intervener.

BATEMAN, Justice.

This is a proceeding *in rem*, under Article 666–42, Vernon's Ann. Penal Code of Texas, of the Texas Liquor Control Act, to forfeit a 1962 Chevrolet automobile owned by Charles Rose, Jr. The State alleged that the automobile, operated by Mattie Crow Moore, alias Mattie Rose, was used to transport illicit alcoholic beverages without a permit having been procured for such transportation, in violation of Art. 666–4(a), Penal Code, which makes it unlawful for a person to transport liquor in any wet area without first having obtained a permit of the class required for such privilege. At the conclusion of a nonjury trial the trial court denied the forfeiture. Upon request, he filed findings of fact: (1) that Henry Gardner, Jr. purchased the beverages in question for his own consumption, (2) that the beverages were never in custody and possession of Mattie Crow Moore, alias Mattie Rose, and (3) that Gardner transported the beverages from a place where the sale thereof was legal to a place where the possession thereof was legal. The court's conclusions of law were: (1) that a permit was unnecessary and (2) that the automobile should not be forfeited.

Grove State Bank, of Dallas, Texas, intervened and set up a lien on the automobile. Counsel for appellee conceded in oral argument that this was a valid lien which should be recognized and protected in the forfeiture proceedings. Art. 666–42(c), Penal Code.

The State brings this appeal on three points of error, none of which directs our attention to any error committed by the trial court, as required by Rule 418, Vernon's Texas Rules of Civil Procedure, all of them being mere abstract statements or propositions of law. However, in accordance with our usual practice, and pursuant to the rule announced in Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, we have examined the statements and arguments contained in the brief and conclude therefrom that appellant contends that the undisputed facts require an order of forfeiture as a matter of law and that the court erred in not granting the same. We do not agree with appellant.

The facts are undisputed. On the occasion in question the appellee Mattie Crow Moore, also sometimes known as Mattie

Rose, drove the automobile in question and stopped it in front of a duly licensed liquor store. Henry Gardner, Jr. got out of the car, went in and purchased a case of wine and several half-pint bottles of whisky, which he then brought out and placed in the automobile, and sat in the front seat beside the driver, whereupon Mattie Crow Moore drove the automobile to Gardner's home. As soon as it stopped two officers, one a city policeman and the other an inspector of the Texas Liquor Control Board, who had witnessed the purchase and had followed the Chevrolet, demanded of Mattie Crow Moore her permit to transport the wine and whisky. Having none, she was arrested and the car and the alcoholic beverages seized. Both the liquor store and the place of arrest and seizure were within a "wet area".

There was no evidence that Mattie Crow Moore knew what was in the packages which Gardner placed in the car, or that she had contributed to the purchase price thereof or had any interest therein, or received any consideration for the transportation, or that Charles Rose, Jr., the owner of the car, had authorized her to use the car to transport Henry Gardner to a store or to use it to transport alcoholic beverages or for any purpose other than to visit a sick friend.

■ Gardner's purchase of the liquor was entirely legal and he needed no permit to transport it to his home for his own consumption. Art. 666–23a (1) provides "that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal." But, appellant says, Mattie Moore was doing the transporting, and not to her home or for her own consumption, and that in doing so without a permit she violated the law.

The pertinent parts of Art. 666–42(a) are as follows:

"All illicit beverages as defined by this Act * * *, and any * * * auto-mobile * * * used for transportation of any illicit beverage, * * * may be seized, etc."

■ It is noted that seizure is authorized only when the automobile carries *illicit* beverages, and that appellant's only asserted ground for describing the beverages in question as "illicit" is that Mattie Moore was transporting them without a permit, in violation of Art. 666–4(a), the pertinent parts of which are:

"It shall be unlawful for any person to * * * transport * * * any liquor in any wet area without first having procured a permit *of the class required for such privilege.*" (Italics ours.)

In Blanks v. State, 336 S.W.2d 430, our Court of Criminal Appeals held that a conviction for transporting whisky in a wet area without a permit could not stand where *it appeared that the only act committed by* the defendant "was not such a transportation for which he could have secured a permit authorizing the privilege and therefore such act did not violate Art. 666–4(a), supra."

Appellant neither alleged nor attempted to prove what class or type of permit Mattie C. Moore was required to have. Both of the arresting officers testified that they did not know of any type of permit which she could have obtained or which could have been issued to her under the Act authorizing her to transport liquor from the liquor store where it was purchased to a residence within the same wet area. Appellant says there are approximately eight pages of various types of permits listed in the Act, providing for the lawful handling of alcoholic beverages, but refrains from suggesting to us which would apply here. We have not been able to find any. Therefore, under the doctrine of Blanks v. State, supra, it appearing affirmatively that what Mattie C. Moore did was not such a transportation for which she could have obtained a permit authorizing the privilege, we hold that no unlawful transportation was shown. That being true,

it was not shown that the liquor was "illicit"; *ergo,* there was no right to forfeiture of the automobile.

 The last sentence of the first paragraph of Art. 666–4 is as follows:

"Any act done by any person which is not granted in this Act is hereby declared to be unlawful."

Appellant in effect argues that, since the Act does not specifically grant to a person the privilege of giving a ride to a friend and his packages containing liquor, such transportation is unlawful and subjects the automobile so used to forfeiture. We do not believe a reasonable interpretation of the quoted language would warrant such an incongruous result.

If the quoted sentence were to be given such literal effect as appellant would have us do, even more startling consequences might ensue. No one questions the legality of Gardner's purchase of the liquor, or that he had a legal right to transport it to his home for his own consumption. If he had started to walk home from the liquor store, could he not accept the offer of a friend to give him a ride in her automobile without subjecting his friend's car to confiscation? Or if, after walking part of the way home and becoming tired, he hailed a taxicab for the rest of the journey, is it reasonable to believe that the taxi operator had thereby violated the law, subjecting his vehicle to confiscation? We do not believe the Legislature intended to visit such harsh punishment on citizens for performing ordinary acts of friendly courtesy, or furnishing taxicab service, when neither is specifically made a crime by law, particularly when the operators of the vehicles are not shown to have any knowledge that alcoholic beverages were being transported.

As said in State v. Missouri, K. & T. Ry. Co., 100 Tex. 420, 100 S.W. 766, 767:

"A penal statute * * * must be couched in such explicit terms that the party upon whom it is to operate may with reasonable certainty ascertain what the statute requires to be done, and when it must be done; otherwise, there would be no opportunity for a person charged with the duty to protect himself by the performance of it according to the law." See also Articles 1, 6, 8 and 10, Penal Code.

Because the trial court's judgment denying the forfeiture was in our opinion correct, all of appellant's points of error are overruled and the judgment is

Affirmed.