704 P.2d 289

**The STATE of Arizona, Appellee,**

v.

**James E. SCOTIA, Appellant.**

**No. 1 CA–CR 8200.**

Court of Appeals of Arizona, Division 1.

July 18, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and R. Wayne Ford, Phoenix, for appellee.

Kiger & Sears by John M. Sears, Prescott, for appellant.

OPINION

HOWARD, Judge.

In this appeal appellant contends that A.R.S. § 13–3405(C)(3) which makes it un-

lawful to knowingly *"transport,* import into this state, sell, transfer or offer to *transport,* import into this state, sell or transfer marijuana" (emphasis added) is unconstitutionally vague and overbroad. We do not agree and we affirm.

Appellant was charged by indictment with transportation of marijuana, a class 2 felony, and misconduct involving weapons. The weapons charge was subsequently dismissed by the prosecution.

The record shows that on April 15, 1984, at 5:30 p.m., Officer Davis of the Department of Public Safety observed a 1983 white Ford Thunderbird traveling eastbound on I–40, ten miles east of Seligman, Arizona at a speed estimated at 70 m.p.h. Upon radar verification of the speed, Davis pursued to stop the vehicle. After learning via the radio that the vehicle was reported stolen, Davis arrested appellant, the driver and sole occupant, and conducted an inventory search of the vehicle prior to its impoundment. This search revealed two plastic bags inside a duffel bag. The plastic bags contained 46.39 grams of marijuana. Appellant was arrested and advised of his rights. He denied all knowledge of the presence of the contraband, claiming that it must have been planted in the vehicle by the Mafia.

At trial, appellant claimed that he had acquired the marijuana from a dealer in California while working with the DEA (Drug Enforcement Agency). When he learned that his life was in danger he left California for the east coast, mistakenly taking the marijuana in place of a bag of medication.

The jury rejected appellant's story and found him guilty of transportation of marijuana. The trial court suspended imposition of sentence and placed appellant on probation for four years on the condition that appellant serve 105 days in the Yavapai County Jail with credit for 100 days served.

Appellant contends that the statute is vague because the word "transport" is not defined in the statute. He further contends that a person of ordinary intelligence cannot understand the meaning of the word "transport" because there is no indication in the statute as to the means of transportation, the distance required to be traveled, or the quantity of marijuana needed for conviction. Therefore, he reasons, a person can have no reasonable basis for controlling his conduct so as to conform with this law.

A statute defining a criminal offense is not vague, in violation of constitutional due process, if it can be understood by a person of average intelligence. It must give sufficient warning to the public to allow persons to conform their conduct accordingly. *State v. Carruth,* 132 Ariz. 368, 645 P.2d 1282 (App.1982). The burden is on the challenger to establish the statute's invalidity beyond a reasonable doubt. *State v. Lycett,* 133 Ariz. 185, 650 P.2d 487 (App.1982). Statutory construction applies generally accepted meanings to challenged words or terms. *State v. Cook,* 139 Ariz. 406, 678 P.2d 987 (App.1984). The word "transport" is defined in Webster's New Collegiate Dictionary, at 1233 (1980) as "to transfer or convey from once place to another." Substantially the same definition is found in Black's Law Dictionary at 1344 (5th Ed.1979). It does not matter whether you are conveying it by means of a bicycle, an airplane or by foot, or whether you are going 10 miles or 10 feet.[1] The quantity of marijuana prohibited is any useable amount. *State v. Murphy,* 117 Ariz. 57, 570 P.2d 1070 (1977). The statute could not be clearer.

Affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.

---

1. See also cases involving violation of liquor laws. *State v. Weis,* 52 S.D. 104, 216 N.W. 863, 864 (1927) (carrying a bottle of beer a few feet from automobile to two women sitting on the running board of another car is "transportation"); *Liquor Transportation Cases,* 140 Tenn. 582, 205 S.W. 423 (1918) (a carrying of intoxicating liquors from a train to depot platforms is "transportation"); *Blanks v. State,* 169 Tex.Cr.R. 599, 336 S.W.2d 430 (App.1960); *Lee v. State,* 164 Tex.Cr.R. 106, 296 S.W.2d 782 (App.1956).

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).