59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick Kelly SHORB, Defendant-Appellant.
 Nos. 93-30449, 93-30450.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 1, 1995.
Decided June 26, 1995.
 
 1
 Before: BROWNING, REAVLEY,* and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Shorb appeals his conviction and sentence for conspiracy to manufacture and distribute marijuana (21 U.S.C. Sec. 846) and money laundering (18 U.S.C. Sec. 1956(a)(1)(B)(i)). We affirm the conviction, vacate the sentence, and remand for resentencing.
 
 
 4
 * Shorb challenges his conviction as violative of the Double Jeopardy Clause,[1] relying primarily on our holding in United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir. 1994), that the prohibition against double jeopardy barred the Government from bringing a civil forfeiture action based on the same criminal offense for which the defendant had already been convicted. Id. at 1222. On October 23, 1992, pursuant to 21 U.S.C. Sec. 881(a)(7),[2] which authorizes the forfeiture of property used to commit a violation of 21 U.S.C. Secs. 801-904, a civil judgment of forfeiture was entered against a property owned by Shorb. On November 16, 1992, Shorb pleaded guilty to charges of conspiring to manufacture and distribute marijuana in violation of 21 U.S.C. Sec. 846 and money laundering in violation of 18 U.S.C. Sec. 1956(a)(1)(B)(i).[3]
 
 
 5
 A criminal conviction acquired after a civil forfeiture action violates double jeopardy if: (1) the civil forfeiture action constituted "punishment;" (2) the civil forfeiture action and the criminal prosecution constituted "separate proceedings;" and (3) the civil forfeiture action and the criminal prosecution were predicated on the "same offense(s)." United States v. One 1978 Piper Cherokee Aircraft, 37 F.3d 489, 495 (9th Cir. 1994); $405,089.23 U.S. Currency, 33 F.3d at 1216. Shorb without a doubt meets the first and second prongs of this test. See One 1978 Piper, 37 F.3d at 495 (holding that civil forfeiture under 21 U.S.C. Sec. 881(a)(7) constitutes punishment); $405,089,23 U.S. Currency, 33 F.3d at 1216 ("A forfeiture case and a criminal prosecution would constitute the same proceeding only if they were brought in the same indictment and tried at the same time."). We therefore turn to the third prong: Were the civil forfeiture action and the criminal prosecution predicated on the "same offenses" for double jeopardy purposes?
 
 
 6
 In order to answer this question, we must first clarify the statutory offense(s) that underlie the civil forfeiture action. Shorb contends that the forfeiture of his property was predicated on violations of three statutory provisions: 21 U.S.C. Sec. 841(a) (manufacture and distribution of marijuana), 21 U.S.C. Sec. 846 (conspiracy to manufacture and distribute marijuana), and 18 U.S.C. Sec. 1956(a)(1)(B)(i) (money laundering). The Government contends that the forfeiture was predicated solely on a violation of 21 U.S.C. Sec. 841(a). We agree with the Government.
 
 
 7
 The complaint and corresponding affidavit in the civil forfeiture action plainly show that the only offense underlying the forfeiture of Shorb's property was the manufacture and distribution of marijuana in violation of 21 U.S.C. Sec. 841(a). The complaint sets forth the general statutory requirement for forfeiture under 21 U.S.C. Sec. 881(a)(7): "Defendant real property ... was used or intended to be used to commit and to facilitate the commission of a violation of 21 U.S.C. Sec. 801, et seq., ... as more particularly set forth in the affidavit of [Special Agent Karamanos], ... incorporated herein by this reference." (Emphasis added.) The affidavit of Special Agent Karamanos, in turn, states, "I have probable cause and do believe that this real property was used to commit or to facilitate the commission of a violation of 21 U.S.C. Sec. 841(a), and is forfeitable pursuant to the provisions of 21 U.S.C. Sec. 881(a)(7)." (Emphasis added.) Moreover, the full text of both Sec. 841(a) and Sec. 881(a)(7) are included in Karamanos' affidavit while no other statutory provision is either quoted or cited.
 
 
 8
 Shorb relies on general allegations included in the affidavit that he collaborated with others in conducting his marijuana business and that certain property transactions were used to launder drug money to argue that the forfeiture was predicated on the violation of additional statutory provisions, namely 21 U.S.C. Sec. 846 (conspiracy to manufacture and distribute marijuana) and 18 U.S.C. Sec. 1956 (a)(1)(B)(i) (money laundering). These allegations, however, are insufficient to override the clear language of the complaint and corresponding affidavit showing that the only violation relied upon by the Government was a violation of 21 U.S.C. Sec. 841(a): "this real property was used to commit or to facilitate the commission of a violation of 21 U.S.C. Sec. 841(a), and is forfeitable ...." Moreover, money laundering in violation of 18 U.S.C. Sec. 1956(a)(1)(B)(i) is not even within the scope of the relevant forfeiture statute, 21 U.S.C. Sec. 881(a)(7), which provides for the forfeiture of property used to commit or facilitate the commission only of violations of 21 U.S.C. Secs. 801-904.
 
 
 9
 Having concluded that the civil forfeiture action was predicated solely on the offense of manufacturing and distributing marijuana in violation of 21 U.S.C. Sec. 841(a), we now complete the analysis of the third prong by determining whether that offense is the same for double jeopardy purposes as the offenses for which Shorb was convicted, these being (1) conspiracy to manufacture and distribute marijuana (21 U.S.C. Sec. 846) and (2) money laundering (18 U.S.C. Sec. 1956(a)(1)(B)(i)).
 
 
 10
 A substantive crime, and a conspiracy to commit that crime, "are separate offenses for double jeopardy purposes." United States v. Felix, 503 U.S. 378, 391 (1992). Therefore, Shorb's conviction for conspiracy to manufacture and distribute marijuana did not violate double jeopardy.[4] As for the money laundering conviction, "[t]wo statutory offenses represent the same offense for double jeopardy purposes unless 'each [offense] requires proof of a fact which the other does not."' One 1978 Piper, 37 F.3d at 495 (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)). Plainly, money laundering and manufacturing and distributing marijuana are not the same offense for double jeopardy purposes since each requires proof of facts not required by the other.[5] Like the district court, we conclude that "the conviction of defendant on charges of conspiracy and money laundering did not violate the constitutional prohibition against double jeopardy, even though the forfeiture of defendant's [] property came first." Opinion and order Denying Motion for Release Pending Appeal, Feb. 21, 1995.
 
 II
 
 11
 Shorb challenges his sentence on several grounds, including that the Government breached the Cooperation Agreement entered into on July 2, 1992, by failing to recommend a downward departure of more than two levels for substantial assistance to the Government pursuant to U.S.S.G. Sec. 5K1.1.[6] We agree,[7]
 
 
 12
 Shorb argues that the plain language of the agreement indicates that if he furnished information that aided in the prosecution of persons under indictment as well as information that lead to the prosecution of persons not currently under indictment -- both of which he indisputably did -- the Government would recommend a three or four level reduction. The Government counters that by recommending a two level reduction, it complied with the plain terms of the agreement.[8]
 
 
 13
 While it is true that the phrase "as much as a four level reduction" literally encompasses the possibility of a reduction between zero and four, when read in context with the immediately preceding sentence promising a two-level reduction, the agreement makes clear that in exchange for additional information, the government will recommend additional (i.e., more than two) reductions. The common sense notion that people don't usually give something for nothing -- formalized in contract law as "consideration" -- supports this reading. See United States v. De La Fuente, 8 F.3d 1333, 1340 (9th Cir. 1993) (holding that plea agreement pursuant to which defendant gave the government information would not be interpreted so as to provide "no benefit" for the defendant; "If the government's proffered interpretation of the disputed agreement provision is correct, the government promised nothing to [defendant] for his agreement to cooperate.") (emphasis in original). Furthermore, even if we were to assume some ambiguity in the plain language of the Cooperation Agreement, Shorb would nevertheless still prevail because "the government ordinarily must bear responsibility for any lack of clarity." De La Fuente, 8 F.3d at 1338 (citations omitted).
 
 
 14
 Thus, we AFFIRM the conviction, VACATE the sentence, and REMAND to the district court for resentencing. The district court is instructed to order the Government to file a U.S.S.G. Sec. 5K1.1 motion recommending either a three or four-level downward departure. See United States v. Goroza, 941 F.2d 905, 909 (9th Cir. 1991) (stating that specific performance is an appropriate remedy for breach of plea agreement requiring Government to file a U.S.S.G. Sec. 5K1.1 motion for downward departure) (citing Santobello v. New York, 404 U.S. 257, 262-63 (1971)). Appellant's motion for release pending appeal is hereby DENIED as moot.
 
 
 
 *
 The Honorable Thomas M. Reavley, Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Government argues that Shorb has waived his right to assert a double jeopardy violation on appeal because (1) he failed to assert the violation first in district court and (2) he entered a voluntary guilty plea. We reject both of these arguments
 Shorb's double jeopardy claim raises solely legal questions and is therefore not barred by the general rule that "an issue not presented to the trial court cannot be raised for the first time on appeal." United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir. 1983) (recognizing exception to this rule "where the issue conceded or neglected below is purely one of law"), cert. denied, 465 U.S. 1100 (1984). Moreover, we have the benefit of the district court's opinion on the merits because Shorb filed a motion with the district court on Dec. 2, 1994, asking for release pending appeal. In denying Shorb's motion, the district court considered whether the double jeopardy claim raised a "substantial question of law or fact likely to result in (i) reversal, [or] (ii) an order for a new trial." 18 U.S.C. Sec. 3143(b)(1)(B). The district court held that it did not.
 The Government's second argument is foreclosed by the very case on which the Government primarily relies, United States v. Broce, 488 U.S. 563 (1989). The Court in Broce held that when a defendant's double jeopardy claim depends on an undeveloped factual record, it will be deemed waived by a guilty plea. Id. at 576. The Court made clear, however, that "'a plea of guilty to a charge does not waive a claim that -- judged on its face -- the charge is one which the State may not constitutionally prosecute."' 488 U.S. at 575 (emphasis in original) (quoting Menna v. New York, 423 U.S. 61, 63 n.2 (1975)). As noted above, Shorb's claim presents a question of law which requires only an examination of the criminal charge on its face and does not depend on an undeveloped factual record.
 
 
 [2]
 Sec. 881. Forfeitures
 (a) Property Subject. The following shall be subject to forfeiture to the United States and no property right shall exist in them:
 (7) All real property ... which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of [21 U.S.C. Secs. 801-904] ....
 
 
 [3]
 Shorb also challenges as violative of double jeopardy the January 1, 1993 civil forfeiture of a second property, the Beavercreek property. However, the civil forfeiture action is not before this court
 
 
 [4]
 Shorb argues that in forfeiture case, the "same conduct" test of Grady v. Corbin, 495 U.S. 508 (1990), overruled by United States v. Dixon, 113 S. Ct. 2849, 2860 (1993), and not the "same elements" test of Blockburger v. United States, 284 U.S. 299, 304 (1932) and Dixon should be applied. With respect to Shorb's conspiracy conviction, this argument is of no consequence since in reaching its decision that "a conspiracy to commit a crime is a separate offense from the crime itself," Felix, 503 U.S. at 391, the Court in Felix engaged in an extensive discussion of the Grady test, as well as the Blockburger test. 503 U.S. at 387-391. With respect to the money laundering conviction, this argument is also of no consequence since we would reach the same result even if we were to apply the Grady test. See infra n.5
 
 
 [5]
 For example, a money laundering conviction requires proof that (1) the defendant knew the property involved represented the proceeds of an unlawful activity; (2) the defendant conducted a financial transaction involving those proceeds; and (3) the defendant knew the transaction was designed to conceal aspects of the unlawful activity. 18 U.S.C. Sec. 1956 (a)(1)(B)(i). In contrast, a conviction for manufacturing and distributing marijuana requires proof that (1) the defendant knowingly manufactured marijuana and that (2) the defendant knowingly distributed marijuana. 21 U.S.C. Sec. 841(a)
 
 
 [6]
 U.S.S.G. Sec. 5K1.1 provides:
 "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."
 
 
 [7]
 Because we vacate the sentence on these grounds, we briefly address only one of Shorb's remaining arguments. Shorb contends that the district court should have calculated his base offense level on the basis of the weight of the marijuana found and not on the basis of the number of live plants. Assuming, without deciding, that Shorb has not waived this argument by failing to raise it in the district court, we find the argument is foreclosed by the explicit terms of Shorb's Nov. 16, 1992 plea agreement
 The plea agreement provides that "the relevant conduct involve[d] between 1000 and 3000 marijuana plants." Shorb does not challenge the validity of the plea agreement. He asserts no contractual defenses, nor does he contend that his plea was involuntary or unknowing. See, e.g., United States v. Partida-Parra, 859 F.2d 629, 633 (9th Cir. 1988) ("'[A] plea bargain is contractual in nature' and is subject to contract-law standards.") (quoting United States v. Read, 778 F.2d 1437, 1441 (9th Cir. 1985)); United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir. 1993) ("In order to be valid, a guilty plea must be voluntary and intelligent ...."). Therefore, Shorb must be held to the terms of his bargain.
 
 
 [8]
 The Government also argues that Shorb waived his right to raise this argument on appeal because he failed to raise it at the district court level. While we agree with the Government that generally "an issue not presented to the trial court cannot be raised for the first time on appeal," United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir. 1983), cert. denied, 465 U.S. 1100 (1984), we nevertheless reach the merits because we hold that this issue comes within the "pure question of law" exception to that rule that allows an appellate court to "consider an issue conceded or neglected below if the issue is purely one of law and the pertinent record has been fully developed." United States v. Gabriel, 625 F.2d 830, 832 (9th Cir. 1980), cert. denied, 449 U.S. 1113 (1981)