914 P.2d 1337

**The STATE of Arizona,
Appellee/Respondent,**

v.

**Carlos Moroyoqui BRAUN,
Appellant/Petitioner.**

Nos. 2 CA–CR 93–0643, 2
CA–CR 95–0223–PR.

Court of Appeals of Arizona,
Division 2, Department B.

Nov. 30, 1995.

Review Denied April 23, 1996.

Stephen D. Neely, Pima County Attorney by Reagen Kulseth, Tucson, for Appellee/Respondent.

D. Jesse Smith, Tucson, for Appellant/Petitioner.

## OPINION

ESPINOSA, Presiding Judge.

Appellant/petitioner Braun was convicted of one count of unlawful sale of a narcotic drug and two counts of unlawful transfer of a narcotic drug. He was sentenced to concurrent, presumptive prison terms of 10.5 years each. This court affirmed the convictions on appeal but concluded that the trial court had erred in refusing to treat counts two and three as prior convictions for enhancement purposes and therefore vacated the sentences. *State v. Braun,* 2 CA–CR 90–0792 (memorandum decision filed June 18, 1992). Prior to resentencing, Braun filed a motion to vacate judgment on double jeopardy grounds. The trial court denied the motion and resentenced Braun to mitigated, concurrent but enhanced terms of 8.5 years each. After filing his notice of appeal, Braun filed a petition for post-conviction relief, Ariz. R.Crim.P. 32, 17 A.R.S., also raising the double jeopardy claim. The trial court summarily denied relief. We have consolidated Braun's appeal with his petition for review.

Braun raises no issues on appeal, relying instead on the argument in his petition for review. There, Braun contends that the trial court erred in denying relief on his claim that his convictions should be set aside as violative of the prohibition against double jeopardy. The basis for that claim is the state's forfeiture, prior to the trial on these charges, of an automobile belonging to him based on the same conduct. A.R.S. §§ 13–4301 through 13–4315, 13–3413, 13–2314. Relying on the United States Supreme Court decisions in *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), and *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), Braun argues that the forfeiture constituted punishment that precluded his subsequent criminal prosecution and imprisonment for the same conduct.

The double jeopardy clause prohibits multiple prosecutions and multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). As the Supreme Court held in *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the test for whether two offenses are the same for purposes of double jeopardy is not whether they involve the same conduct, but whether they involve the same statutory elements. If each statute defining the respective offenses contains an element not found in the other, the offenses are not the "same," and multiple punishments are not precluded, *see State v. Cook,* 185 Ariz. 358, 916 P.2d 1074 (App.1995), even assuming that the criminal and forfeiture proceedings are separate and that both result in punishment. *See United States v. Chick,* 61 F.3d 682 (9th Cir.1995); *United States v. Shorb,* 876 F.Supp. 1183 (D.Or.1995), *vacated in part on other grounds,* 59 F.3d 177 (9th Cir.1995).

The complaint filed in the forfeiture action alleged that Braun's vehicle was subject to forfeiture "because it was used or intended to be used to facilitate the commission of the crime of Unlawful Transportation of a Narcotic Drug" and that "[t]he conduct occurred by way of example and without limitation on approximately December 18, 1989." From the testimony at the forfeiture hearing, it appears that Braun sold heroin to an undercover officer on December 8, 1989, receiving partial payment then and the remainder on December 11. On that latter date, Braun gave the officer another quantity of heroin with the expectation that he would be paid on December 18. Another quantity of heroin was also transferred to the officer on December 15. When the officer met Braun on December 18, he arrested Braun. According to the officer's testimony, Braun was driving the forfeited vehicle on December 11 and December 18.

The criminal indictment charged Braun with unlawful sale of a narcotic drug on December 8, 1989, and unlawful transfers of a narcotic drug on December 11 and December 15. Contrary to the state's argument, the offense against which the forfeiture ac-

tion is to be measured is not the unlawful sale but rather the unlawful transfer on December 11, as there was no evidence at the forfeiture hearing linking the vehicle to the sale on December 8 or the transfer on December 15. We are thus required to compare the elements of unlawful transportation and unlawful transfer of a narcotic drug to determine if they are the "same offense" for purposes of double jeopardy.[1]

Both offenses are set forth in A.R.S. § 13–3408(A)(7), which provides that "[a] person shall not knowingly ... [t]ransport for sale ... [or] transfer ... a narcotic drug." We note initially that, whereas this statute proscribes transportation of narcotic drugs for sale, the forfeiture complaint was based on the use of the vehicle "to facilitate the commission of the crime of Unlawful Transportation of a Narcotic Drug," without reference to sale. The statute authorizing the forfeiture, A.R.S. § 13–3413(A), also refers to vehicles used to "transport" narcotic drugs, but indicates that its applicability extends to "items used or intended for use in violation of this chapter." Because only transportation of narcotic drugs for sale is proscribed in that chapter, we infer a similar limitation on the reach of § 13–3413(A)(3) and the forfeiture complaint.

Because both offenses are proscribed by the same statute, their only difference lies in the definition of the terms "transport" and "transfer." The latter term is defined in A.R.S. § 13–3401(29) to mean "furnish, deliver or give away." "Transport" is not statutorily defined, however, but was given its ordinary dictionary definition by this court in *State v. Scotia,* 146 Ariz. 159, 160, 704 P.2d 289, 290 (App.1985):

> The word "transport" is defined in Webster's New Collegiate Dictionary, at 1233 (1980) as "to transfer or convey from [one] place to another." Substantially the same definition is found in Black's Law Dictionary at 1344 (5th Ed.1979). It does not matter whether you are conveying it by means of a bicycle, an airplane or by foot, or whether you are going 10 miles or 10 feet.

While this definition employs the word "transfer," thus suggesting that transporting is merely one form of transferring, we reject that conclusion for several reasons. First, the language of both definitions implies different outcomes. Transporting, under Webster's definition, involves moving an item from one place to another, without reference to another person. The definition of transfer, on the other hand, implies the existence of a recipient. Items cannot be furnished, delivered or given away under the statutory definition unless there is someone to receive them. Second, and perhaps more important, to construe transporting as being merely a subset of transferring would create a redundancy in § 13–3408(A)(7), which the legislature could not have intended. *Patterson v. Maricopa County Sheriff's Office,* 177 Ariz. 153, 865 P.2d 814 (App.1993). Accordingly, we conclude that these two offenses contain different elements and that, even though multiple punishments may have resulted, the prohibition against double jeopardy was not violated in this case. *Dixon.* Forfeiture of the vehicle was based on its use to transport narcotics for the purpose of selling them to the undercover officer. Braun's conviction, on the other hand, was predicated on his transfer of the narcotics to the officer.

We have reviewed the entire record for fundamental error and have found none. We therefore affirm. The petition for review is granted; relief is denied.

DRUKE, C.J., and HATHAWAY, J., concur.

---

1. We reject the state's arguments that the criminal and forfeiture proceedings can be distinguished on the basis that the former is an action against a person requiring proof of scienter while the latter is an action against property with no scienter requirement. *See United States v. Ursery,* 59 F.3d 568 (6th Cir.1995); *Shorb.*